Attachment A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

AUG 1 2 2022

U.S. DISTRICT COURT   WVND
CLARKSBURG, WV 26301

BRYANT TERRANCE COOPER

*Your full name*

**FEDERAL CIVIL RIGHTS
COMPLAINT
(*BIVENS* ACTION)**

v.

Civil Action No.: __5: 22 - cv - 192__
*(To be assigned by the Clerk of Court)*

(Bailey, Mazzone, Rubenstein)

SHEA THOMAS-HSA

AYO   OKOYO -FNP-C/   PMH-BC

EMERY MCCOY-DO/CD

*Enter above the full name of defendant(s) in this action*

### I.   JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).** The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

### II.   PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.   Name of Plaintiff: BRYANT T. COOPER   Inmate No.: 65822-019
Address: P.O. BOX 6000
GLENVILLE, WEST VIRGINIA 26351

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

Attachment A

B.    Name of Defendant: SHEA THOMAS
      Position: HEALTH SERVICE ADMINISTRATOR
      Place of Employment: FEDERAL CORRECTIONAL INSTITUTION-GILMER
      Address: 201 FCI LANE
      GLENVILLE, WEST VIRGINIA 26351

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?    ☑ Yes        ☐ No

      If your answer is "YES," briefly explain: THE INCIDENT OCCURRED
      WHILE THE PLAINTIFF WAS A FEDERAL PRISONER AND SHEA
      THOMAS IS AN EMPLOYEE OF THE FEDERAL BUREAU OF PRISON
      AND RESIDES WITHIN THE UNITED STATES.


B.1   Name of Defendant: AYO OKOYO
      Position: FNP-C/PMH-BC
      Place of Employment: FEDERAL CORRECTIONAL INSTITUTION-GILMER
      Address: 201 FCI LANE
      GLENVILLE, WEST VIRGINIA 26351

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?    ☑ Yes        ☐ No

      If your answer is "YES," briefly explain: THE INCIDENT OCCURRED
      WHILE THE PLAINTIFF WAS A FEDERAL PRISONER AND AYO
      OKOYO IS AN EMPLOYEE OF THE FEDERAL BUREAU OF PRISON
      AND RESIDES WITHIN THE UNITED STATES.


B.2   Name of Defendant: EMERY MCCOY
      Position: DO/CD
      Place of Employment: FEDERAL CORRECTIONAL INSTITUTION-GILMER
      Address: 201 FCI LANE
      GLENVILLE, WV. 26351
      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?    ☑ Yes        ☐ No

**Attachment A**

If your answer is "YES," briefly explain: THE INCIDENT OCCURRED WHILE THE PLAINTIFF WAS A FEDERAL PRISONER AND EMERY MCCOY IS AN EMPLOYEE OF THE FEDERAL BUREAU OF PRISON AND RESIDES WITHIN THE UNITED STATES.

B.3   Name of Defendant: _____
Position: _____
Place of Employment: _____
Address: _____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☐ Yes        ☐ No

If your answer is "YES," briefly explain: _____

B.4   Name of Defendant: _____
Position: _____
Place of Employment: _____
Address: _____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☐ Yes        ☐ No

If your answer is "YES," briefly explain: _____

**Attachment A**

B.5   Name of Defendant: _____

Position: _____

Place of Employment: _____

Address: _____

_____

Was this Defendant acting under the authority or color of federal state law at the time these claims occurred?   ☐ Yes     ☐ No

If your answer is "YES," briefly explain: _____

_____

_____

_____

_____

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: FEDERAL CORRECTIONAL INSTITUTION-GILMER

A.     Is this where the events concerning your complaint took place?
       ☑ Yes    ☐ No

If you answered "NO," where did the events occur?

_____

B.     Is there a prisoner grievance procedure in the institution where the events occurred?   ☑ Yes    ☐ No

C.     Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?
       ☑ Yes    ☐ No

D.     If your answer is "NO," explain why not: _____

_____

_____

_____

E.     If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed

**Attachment A**

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 <u>REMEDY NO. 1096652-F1 AND 1117382-F1 WAS DENIED</u>

LEVEL 2 <u>REMEDY NO. 1096652-R1 DENIED. NO RESPONSE 1117382-F1</u>

LEVEL 3 <u>REMEDY NO. 1096652-R1 NO RESPONSE ON BP-11 PAST</u>

<u>75 DAYS. OVER 75 DAYS WITH NO RESPONSE.</u>

IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   ☐ Yes   ☑ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

2.   Court: _____
*(If federal court, name the district; if state court, name the county)*

3.   Case Number:_____

4.   Basic Claim Made/Issues Raised: _____
_____
_____
_____

5.   Name of Judge(s) to whom case was assigned:
_____

6.   Disposition: _____
*(For example, was the case dismissed? Appealed? Pending?)*

7.   Approximate date of filing lawsuit:_____

**Attachment A**

8.      Approximate date of disposition. Attach Copies:_____

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☑ Yes        ☐ No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.
RELIEF WAS SOUGHT THROUGH BOTH THE ADMINISTRATIVE REMEDY PROCESS AS WELL AS THROUGH A FEDERAL TORT CLAIM. TORT WAS DENIED AND BOTH ADMINISTRATIVE REMEDIES ARE STILL PENDING WITH NO RESPONSE (OVER 90 DAYS)

E.    Did you exhaust available administrative remedies?
☑ Yes        ☐ No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.
THE PLAINTIFF HAVE EXHAUSTED HIS REMEDIES UNDER THE FEDERAL TORT CLAIMS ACT 28 U.S.C.  2671, ET. SEQ. BUT WAS UNABLE TO COMPLETE THE BP-11 AND BP-10 DUE TO NO RESPONSE. WHICH WAS FILED ON JANUARY OF 2022, 04/27/2022 AND ON 05/04/2022 REMEDY NOS. 1096652-R1, 1117382-F1.

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.      Parties to previous lawsuit:

**Attachment A**

Plaintiff(s): _____

Defendant(s): _____

2.   Name and location of court and case number:

_____

_____

_____

3.   Grounds for dismissal:   ☐ frivolous   ☐ malicious
☐ failure to state a claim upon which relief may be granted

4.   Approximate date of filing lawsuit: _____

5.   Approximate date of disposition: _____

## V.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case.  Describe what each defendant did to violate your constitutional rights.  **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: VIOLATION OF THE PLAINTIFF'S EIGHT AMENDMENT RIGHT AS THE PLAINTIFF HAVE SUFFERED CRUEL AND UNUSUAL PUNISHMENT AND SUFFERED FROM NEGLIGENCE AND DELIBERATE INDIFFERENCE. THE CONSTANT DELAY IN EYE TREATMENT HAS CAUSED THE VISION TO WORSENED AND CAUSED SEVERE PAIN. SEE SUPPORTING FACTS.

Supporting Facts: _____

---

**Attachment A**

SUBCAPSULAR CATARACT IN HIS LEFT EYE SINCE 2/17/2021 THAT HAS MADE HIM LEGALLY BLIND WHICH ALLOWS HIM TO SEE 20/400 IN THAT LEFT EYE. THE PLAINTIFF HAS NO VISION IN THE RIGHT EYE. PLEASE CONTINUE CLAIM 1, SUPPORTING FACTS ON THE NEXT PAGE.

**CLAIM 2:** _____

_____

_____

_____

_____

Supporting Facts: _____

_____

_____

_____

_____

**CLAIM 3:** _____

_____

_____

_____

_____

Supporting Facts: _____

_____

_____

_____

_____

**CLAIM 4:** _____

_____

_____

_____

_____

Supporting Facts: _____

_____

Attachment A

CLAIM 5: _____

Supporting Facts: _____

## VI.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

THE PLAINTIFF HAS A SEVERE CATARACT THAT HAS BEEN LEFT IN HIS EYES FOR 18 MONTHS WITH NO SURGERY TO CORRECT THE PROBLEM. THAT CATARACT HAS CAUSED FURTHER VISION LOSS, INCREASED EYE AND HEAD PAIN AND EMOTIONAL STRESS. THE CATARACT IS MAKING EVERYTING VERY BLURRY. AND CAUSES THE PLAINTIFF TO HAVE ACCIDENTS. THE GLAUCOMA IS GETTING WORSE DUE TO THE CATARACT. THE ONGOING PAIN IS AFFECTING SLEEP.

## VII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

THE PLAINTIFF REQUESTS IMMEDIATE SURGERY, COMPENSATORY AND PUNITIVE DAMAGES AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY AND INJUNCTIVE RELIEF IN THEIR OFFICIAL CAPACITIES.

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

P.O. BOX 6000

Executed at <u>GLENVILLE, WV. 26351</u>   on <u>   08 - 06 - 2022   </u>.
(Location)                            (Date)

<u>Bryan J. Cooper</u>
Your Signature

<u>CLAIM 1: SUPPORTING FACTS</u>

THE PLAINTIFF IS FACING PERMANENT BLINDNESS IN HIS ONLY EYE BECAUSE OF THE FAILURE OF FCI GIMER TO ACT TO PROVIDE TIMELY TREATMENT FOR A CATARACT THAT HAS ALREADY MADE HIM LEGALLY BLIND. THE PLAINTIFF'S MEDICAL CONDITION AND LACK OF TREATMENT ARE OUTSIDE THE USUAL OR ORDINARY, WHICH FCI GILMER OWN MEDICAL RECORDS SUPPORTS. IT IS UNARGUABLY COMPELLING AND DEMANDING ATTENTION, WHEN FCI GILMER MEDICAL STAFF HAVE BEEN DOCUMENTING THE SERIOUSNESS OF HIS CONDITION AND LACK OF TREATMENT FOR 17 MONTHS. DR. DANIEL FARNSWORTH IS AN CONTRACT OPHTHALMOLOGIST. ON 2/17/2021, DR. FARNSWORTH NOTED TO MEDCAL THAT HIS CATARACT PROBLEM WAS DEEMED VERY SIGNIFICANT. ON 4/14/2021, DR. FARNSWORTH NOTED THAT HIS LEFT EYE STILL DESPERATELY NEEDS A CATARACT SURGERY. HE SAID THAT HE IS NOW LEGALLY BLIND AND IS AT RISK FOR BODILY HARM IN A FEDERAL PRISON AND SAID THAT THE SOONER FOR THIS APPOINTMENT THE BETTER HE NOTED THAT IT IS WHAT I CONSIDER A HIGH PRIORITY. THE DOCTOR WENT ON TO NOTE THAT I WILL TRY TO PUSH THIS AND HAVE PUT HIM ON CALL OUT FOR MID-MARCH VISIT WHICH DID NOT HAPPEN. ON 12/17/2021, DR. FARNSWORTH AGAIN DOCUMENTED THAT THE PLAINTIFF NEEDS AN APPOINTMENT NOW WITH A CATARACT SPECIALIST. ON 12/17/2021, WVU MEDICINE ISSUED A REPORT FINDING THE CATARACT SURGERY NECESSARY. ON 1/27/2022, THE PLAINTIFF'S MEDICAL RECORDS DOCUMENT THAT WVU MEDICINE HAD CEASED PROVIDING MEDICAL CARE TO INMATES AND ALL FOLLOW UP APPOINTMENTS WERE CANCELED. THE PLAINTIFF ASKED FOR A MEDICAL TRANSFER ON 1/31/2022. ON 3/9/2022, DR. FARNSWORTH NOTED AGAIN THAT HE NEEDS TO SEE A CATARACT SURGEON AS SOON AS POSSIBLE TO RESTORE HIS SIGHT. ON 3/11/2022, THE MEDICAL RECORDS SAID THAT: WE DO NOT HAVE ANY OPHTHALMOLOGIST CURRENTLY UNDER CONTRACT AND NONE PLANNED IN THE NEAR FUTURE. DESPITE HIS SEVERE VISION PROBLEMS, THE PLAINTIFF HAS ATTEMPTED TO ADVOCATE FOR HIMSELF WITH FCI GILMER TO NO AVAIL. THE PLAINTIFF HAS SENT NUMEROUS EMAILS TO MEDICAL

CONTINUE CLAIM 1: SUPPORTING FACTS PAGE 2

ASKING ABOUT IF HE WILL BE ABLE TO HAVE THE SURGERY AND ABOUT TRANSFERRING TO A MEDICAL FACILITY TO HAVE THE SURGERY. THE TRANSFER WAS DENIED. THREE REQUESTS WAS MADE IN MARCH  ASKING ABOUT THE STATUS OF HIS SURGERY AFTER APPOINTMENTS WERE CANCELLED. HE WAS TOLD BY OKOYO AYO THAT I AM NOT SURE WHAT THE NEXT STEP IS. THE PLAINTIFF HAS BEEN DENIED TREATMENT ON EVERY CORNER. THE PLAINTIFF HAS BEEN LEFT IN A FACILITY WITH CONSTANT DELAY IN TREATMENT WHERE HE IS VULNERABLE TO ASSAULT, ACCIDENT AND PERMANENT BLIND-NESS. WHEN YOU HAVE A PROFESSIONAL MEDICAL STAFF  THAT SAYS TO YOU IN AN EMAIL THAT: I AM NOT SURE WHAT THE NEXT STEP IS, IS ADMITTING THEY DO NOT KNOW WHAT ELSE TO DO TO GET HIM THE CARE THAT HE NEEDS. WHILE THE DEFEN-DANTS KEEP DELAYING TREATMENT AND HAVING BOTH CONTRACT ISSUES AND SCHEDU-LING, THE PLAINTIFF'S VISION IS GETTING WORSE. THE PLAINTIFF HAS BEEN IN PAIN FOR 17 MONTHS DUE TO HIS EYE SIGHT. EVERYTHING IS VERY BLURRY. THE PLAINTIFF IS EXPERIENCING HEADACHES, EYE PAIN, ITCHY EYES, GLARE, HALOES, AND SEVERE GLAUCOMA NEAR END STAGE IN WHICH ALL OF THIS IS DOCUMENTED IN THE PLAINTIFF'S MEDICAL RECORDS. ON 4/27/2022,  DR. FARNSWORTH NOTED THAT THE CATARACT SURGERY MAY NOT BE ABLE TO CORRECT HIS VA TO 20/20 SINCE HIS GLAUCOMA MAY VERY WELL BE STARTING TO DAMAGE HIS EYES. THE PLAINTIFF'S MEDICAL RECORDS STATES THAT HE NEEDS AN EVALUATION ON HIS GLAUCOMA BUT CAN'T BE DONE UNTIL VISION IMPROVES. THE VERY DENSE POSTERIOR SCLEROTIC CATARACT IS MAKING IT HARD TO DETERMINE HOW BAD THE PLAINTIFF'S GLAUCOMA IS. FOR OVER A YEAR, DR. FARNSWORTH HAS BEEN LETTING MEDICAL KNOW IN HIS NOTES HOW SERIOUS AND URGENT THE PLAINTIFF'S EYE SIGHT IS AND THAT HE NEEDS TO BE SEEN BY AN SURGEON AS SOON AS POSSIBLE. SHEA THOMAS IS NOT TAKING THE RECOMMENDATIONS SERIOUSLY. THE PLAINTIFF'S DEGREE OF IMPAIRMENT TO HIS SIGHT PREVENTS HIM FROM SAFELY NAVIGATING THE PRISON AND EXPOSES HIM TO SERIOUS RISKS AND SAFETY ISSUES. THE PLAINTIFF HAS NOTIFIED OKOYO AYO AND

CONTINUE CLAIM 1: SUPPORTING FACTS PAGE 3

SHEA THOMAS ABOUT ACCIDENTS HE HAS BEEN HAVING LIKE: HITTING HIS HEAD ON THE UPPER BUNK OF HIS CELL AND LOCKER DOOR, HE TRIPS OVER MOP SIGN AND PEOPLE'S FEET. HE CUTS HIMSELF WHILE TRYING TO SHAVE, HE URINATES ON THE FLOOR AND TOILET BECAUSE HE IS UNABLE TO SEE THE TOILET BOWL AND THAT GETS HIM IN TROUBLE WITH HIS CELL MATE, AND TROUBLE CUTTING HIS TOE NAILS BECAUSE OF NOT BEING ABLE TO SEE CLEARLY. IF THE PLAINTIFF WAS TO GET INTO A FIGHT, HE WILL NOT BE ABLE TO SEE WELL ENOUGH TO DEFEND HIMSELF AND PROTECT HIS FACE AND EYES. FOR THESE REASONS, THE PLAINTIFF ASK FOR ANOTHER MEDICAL TRANSFER TO A FACILITY THAT CAN ACCOMMODATE HIS DISABILITY. MEDICAL DEPARTMENT WILL NOT TRANSFER HIM. THE PLAINTIFF'S CATARACT IS A SERIOUS MEDICAL CONDITION IN WHICH HE NEEDS SURGERY NOW TO PREVENT FURTHER VISION LOSS, PAIN AND SUFFER-ING AND COMPLICATIONS IN THE SURGERY, LIKE RETINA PROBLEMS. THE PLAINTIFF HAS ALREADY HAD A RETINA DETACHMENT IN THE RIGHT EYE IN WHICH HE DID NOT RECOVER FROM. PLAINTIFF ALLEGES THAT DUE TO THESE DELAYS, HIS VISION HAS DETERIORATED SUBSTANTIALLY AND HE IS ON THE VERGE OF BECOMING BLIND IF THESE DELAYS CONTINUE. BLINDNESS AND IRREPARABLE INJURY COULD RESULT FROM A UNTREATED CATARACT. IT IS CLEAR THAT THIS IS NOT A SITUATION OF A MINOR CATARACT WITH LITTLE IMPACT ON AN INMATES VISION. CATARACT IS SERIOUS ENOUGH NOT ONLY TO FUNCTIONALLY EVISCERATE THE PLAINTIFF'S ABILITY TO SEE OUT OF HIS LEFT EYE, BUT TO PLACE HIM AT SERIOUS RISK AND EVENTUALLY BLINDNESS FROM CONSTANT DELAYS. A SERIOUS CATARACT FALL SQUARELY WITHIN THE AMBIT OF SERIOUS MEDICAL NEEDS THAT RAISE CONSTITUTIONAL SCRUTINY. THE CONSTANT DELAY WILL CAUSE A MORE COMPLICATED, RISKY PROCEDURE. DELIBERATE INDIFFERENCE MAY BE SHOWN WHERE THERE IS INTERFERENCE WITH TREATMENT AND SIGNIFICANT DELAY IN PROVIDING TREATMENT. THE AMOUNT OF DELAY THAT WILL RISE TO THE LEVEL OF CONSTITUTIONAL VIOLATION TYPICALLY DEPENDS ON THE URGENCY AND MAGNITUDE OF THE NEED. THE PLAINTIFF'S NEEDS ARE SERIOUS AND URGENT. THIS DELAY HAS

PAGE  3

CONTINUE   CLAIM 1: SUPPORTING FACTS PAGE 4

CAUSED UNNECESSARILY PROLONGED PAIN AND SUFFERING. THE SIXTH CIRCUIT HELD THAT DELAYS RESULTING FROM FAILURE TO PROVIDE SWIFT CATARACT REMOVAL SURGERY CONSTITUTED A SERIOUS MEDICAL NEED DUE TO THE INCIDENTIAL HARMS ATTENDANT TO POSTPOING THE SURGERY. THE SIXTH CIRCUIT HELD THAT A SERIOUS MEDICAL NEED EXISTED BECAUSE THE DELAY CAUSE A MORE COMPLICATED AND RISKY PROCEDURE. THIS SERIOUS MEDICAL CONDITION VIOLATES THE EIGHTH AMENDMENT'S RIGHT OF CRUEL AND UNUSUAL PUNISHMENT DUE TO SERIOUS DELAYS, WORSENING OF VISION AND CONSTANT PAIN AND SUFFERING. DELIBERATE INDIFFERENCE CAN BE DEMONSTRATED BY AN ACT OR OMISSION THAT WAS PART OF AN ONGOING SITUATION. THE PLAINTIFF EXPERIENCE ONGOING PAIN AND SUFFERING, SHORT BLACKOUT AND CONTINUED BLURRYNESS. ON GOING PAIN IS AN EXAMPLE OF IRREPARABLE HARM THAT THE PLAINTIFF IS CURRENTLY EXPERIENCING NOW. THE PLAINTIFF CONTENDS THAT THE DEFENDANTS HAVE VIOLATED THE AMERICANS WITH DISABILITIES ACT (ACT), BY FAILING TO PROVIDE AID TO THE PLAINTIFF TO ACCOMMODATE HIS VISION IMPAIRMENT. BEING LEGALLY BLIND IN BOTH EYES IS A DISABILITY. THE PLAINTIFF HAS MENTIONED EARLIER THE ACCIDENTS HE HAS HAD AND HOW DIFFICULT IT HAS BEEN TO CARE FOR HIMSELF. THE PLAINTIFF HAS HAD ALOT OF PROBLEMS WITH HIS FEET AND TOES AND CANNOT SEE ANY SWELLING AND THE DISCOLORING OF HIS TOES DUE TO NOT BEING ABLE TO SEE IT. THE PLAINTIFF'S DISABILITY OF A PHYSICAL IMPAIRMENT SUBSTANTIALLY LIMITS MAJOR LIFE ACTIVITIES BY NOT BEING ABLE TO CARE FOR HIMSELF PROPERLY, NOT BEING ABLE TO READ AND WRITE WITHOUT BEING IN PAIN AND STRAINING THE EYES AND NOT HAVING TRIPPING ACCIDENTS. THE PLAINTIFF STRUGGLES IN THE SHOWER TO AVOID SLIPPING DUE TO NO HANDLES ON THE SHOWER WALLS. THE DEFENDANTS HAS FAILED TO PROVIDE A PERSONAL ASSISTANCE TO HELP HIM CARE FOR HIMSELF, DESPITE SAYING IN A EMAIL RESPONSE THAT ONE MAY BE PROVIDED. THAT WAS OVER 3 MONTHS AGO.

PAGE   4

Attachment E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRYANT TERRANCE COOPER
_____

_____

*Your full name*

v.                                                        Civil Action No.: __5:22-CV-192__

SHEA THOMAS-HSA
_____

AYO OKOYO-FNP-C/PMH-BC
_____

EMERY MCCOY-DO/CD
_____

_____

*Enter above the full name of defendant(s) in this action*

## Certificate of Service

I, __BRYANT TERRANCE COOPER__ (your name here), appearing *pro se*, hereby certify

that I have served the foregoing __CIVIL RIGHTS COMPLAINT (BIVENS)__ (title of

document being sent) upon the defendant(s) by depositing true copies of the same in the

United States mail, postage prepaid, upon the following counsel of record for the

defendant(s) on __08-06-2022__ (insert date here):


(List name and address of counsel for defendant(s))


_____
(sign your name)